UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,            :      INFORMATION

           -v.-                      :      08 CRIM. 569

KEVIN WENG,                          :

           Defendant.                :

- - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 3 2008

COUNT ONE
(Tax Evasion)

The United States Attorney charges:

BACKGROUND

1.   At all times relevant to this Information, KEVIN WENG, the defendant, resided in the State of New York.

2.   At all times relevant to this Information, KEVIN WENG, the defendant, owned, operated, and controlled Maple Corp. ("Maple"), a company located in Manhattan. Maple engaged in the business of performing sewing work for couture companies located in Manhattan, among other places.

3.   Pursuant to the Internal Revenue Code and associated statutes and regulations, including the Federal Insurance Contributions Act ("FICA"), employers are required to withhold certain amounts from the paychecks of their employees and then remit these amounts over to the Internal Revenue Service ("IRS") on a quarterly basis. In addition to the amounts that employers must withhold from the paychecks of their employees for FICA, employers are also required to make contributions under

FICA in an amount equal to the amounts withheld from their employees. FICA contributions ("FICA taxes") are made up, therefore, of four components: the employer's and employee's equal shares of 6.2% for Social Security and 1.45% for Medicare taxes, totaling 15.3% of an employee's total wages.

## THE TAX EVASION SCHEME

4. From in or about 2003 through in or about late 2006, KEVIN WENG, the defendant, received checks from customers of Maple and, rather than depositing all of these checks in a business bank account of Maple or in personal bank accounts controlled by WENG, WENG cashed most of these checks at check-cashing establishments located in New York, New York.

5. KEVIN WENG, the defendant, thereafter used the cash generated from the aforementioned check-cashing activities primarily to pay employees of Maple in the form of cash, without having withheld FICA taxes and without having accounted for and paid over to the IRS the required FICA taxes on the cash wages.

## STATUTORY ALLEGATIONS

6. From on or about January 1 of each of the calendar years 2003 through 2006, through in or about late 2006, in the Southern District of New York and elsewhere, KEVIN WENG, the defendant, unlawfully, wilfully, and knowingly attempted to evade and defeat a substantial part of the FICA taxes due and owing by Maple to the United States of America for each of the calendar

years 2003 through 2006 by various means, including: paying employees of Maple cash wages; filing with the IRS wage reporting statements (Forms W-2) for employees of Maple that falsely and fraudulently failed to reflect such cash payments; filing with the IRS employer's quarterly payroll tax returns (IRS Forms 941) for tax years 2003 through and including 2006 that falsely and fraudulently failed to reflect such cash payments; and failing correctly to pay Federal Insurance Contributions Act ("FICA") taxes in relation to such employees, whereas, as KEVIN WENG then and there well knew, he was required to accurately report such cash wages and pay such taxes, in the approximate amounts set forth below:

| Four Quarters of Tax Year | Total Cash Paid To Employees | Total Unpaid FICA Taxes (Employer's Share) |
|---|---|---|
| 2003 | $354,969.00 | $27,155.13 |
| 2004 | $636,275.75 | $48,675.09 |
| 2005 | $627,946.04 | $48,037.87 |
| 2006 | $499,445.56 | $38,207.59 |
| Total | $2,118,636.35 | $162,075.68 |

(Title 26, United States Code, Section 7201.)

COUNT TWO
(Wilful Failure to Account For and Pay Over Payroll Taxes)

The United States Attorney further charges:

7.  The factual allegations of paragraphs 1 through and including 5 are restated as if fully alleged herein.

8.  From in or about January 2003 through in or about early 2007, in the Southern District of New York and elsewhere, KEVIN WENG, the defendant, being the owner of Maple, and thereby being required to collect, account for, and pay over to the IRS FICA taxes, unlawfully, wilfully, and knowingly failed to collect such taxes from wages paid to the employees of Maple, account for said FICA taxes, and pay over said FICA taxes to the Internal Revenue Service, in the approximate amounts set forth below:

| Quarter Ending | Unpaid FICA Taxes (Employees' Share) |
| --- | --- |
| 3/31/03 | $7,259.16 |
| 6/30/03 | $4,455.51 |
| 9/30/03 | $9,218.10 |
| 12/31/03 | $6,222.36 |
| 3/31/04 | $6,691.99 |
| 6/30/04 | $9,412.71 |
| 9/30/04 | $19,341.27 |
| 12/31/04 | $13,229.13 |
| 3/31/05 | $16,291.42 |
| 6/30/05 | $10,024.67 |
| 9/30/05 | $16,363.10 |

| Quarter Ending | Unpaid FICA Taxes (Employees' Share) |
|---|---|
| 12/31/05 | $5,358.67 |
| 3/31/06 | $10,337.71 |
| 6/30/06 | $8,996.58 |
| 9/30/06 | $11,608.13 |
| 12/31/06 | $7,265.16 |
| Total | $162,075.68 |

(Title 26, United States Code, Section 7202.)

*[signature]*

MICHAEL J. GARCIA
United States Attorney

====================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

====================================================

UNITED STATES OF AMERICA

-v.-

KEVIN WENG,

Defendant.

====================================================

**INFORMATION**

08 Cr. _____ (DC)

(Title 26, United States Code,
Sections 7201 and 7202; Title 18, United
States Code, Section 2.)

                                                    MICHAEL J. GARCIA
                                                  United States Attorney.

====================================================

6/23/08 DT: Deft Kevin Weng pres. w/atty Ian Redpath AUSA Daniel Levy. Deft. waives indictment and pleas not guilty. Deft w/draws not guilty plea and pleas to the 2 count information. PSI ordered. Sent date set for 9/26/08 at 2:00 P.M. Bail. Released ROR, surrendered passports, report to pretrial.